**Vernable Albaro Salazar SALAZAR; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

**No. 04–76067.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 13, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

George Martin Zaehringer, Esq., Ventura, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael Schon, Department of Justice, Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM **

Petitioners Vernable Albaro Salazar Salazar, his wife Maria Elazor Salazar, and their four children (Pedro, Alberto, Maribel and Sandra) appeal the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") *in absentia* order of removal. The Salazars were ordered removed as aliens present in the United States without being admitted or paroled. 8 U.S.C. § 1182(a)(6)(A)(I). The Salazars failed to attend their removal hearing because they contend that their lack of English skills caused them to misunderstand the abbreviation "Jan" in their hearing notice to actually mean "June." Because the Salazars' claimed misunderstanding regarding their hearing date does not constitute "exceptional circumstances," we deny the petition.

When an order of removal is entered *in absentia,* the alien may move for reopening of removal proceedings and rescission of the order, "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). We "look[ ] to the particularized facts presented in each case" in order to determine whether or not exceptional circumstances warrant relief. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000).

An alien's misunderstanding or mistake regarding the schedule for a removal hearing is, standing alone, not considered exceptional circumstances sufficient to reopen removal proceedings. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205–06 (9th Cir.2003). Although we have in the past taken into account an alien's misunderstanding regarding the time of a scheduled removal hearing as part of our inquiry into the presence of exceptional circumstances, in those instances the alien also had a clear entitlement to relief from removal. *Singh v. INS,* 295 F.3d 1037, 1040 (9th Cir.2002) (exceptional circumstances present where petitioner misunderstood hearing time and could have presented valid claim for relief from deportation). Here, the Salazars make no such showing of an entitlement to relief had they properly appeared.

Nor are the Salazars entitled to relief because their misunderstanding was based on their lack of English skills. An alien has no due process right to notice of a removal hearing in the alien's native language. *Khan v. Ashcroft,* 374 F.3d 825, 829 (9th Cir.2004) (notice in English is "reasonably calculated to reach and to inform [petitioner] within the meaning of the Due Process Clause"). Here, the Salazars received and responded to prior notices provided in English, making it reasonable to infer that the disputed notice containing the "Jan" abbreviation was also sufficient. *Id.*

■ Finally, the Salazars' removal *in absentia* did not violate due process. Once an alien receives proper notice of a hearing, and nonetheless fails to appear, an *in absentia* order may be entered without offending due process. *Valencia–Fragoso,* 321 F.3d at 1206 ("It is well settled that '[i]f an alien is provided proper written notice of a removal hearing and fails to attend, the immigration judge is required

to enter an *in absentia* order of removal.'") (quoting *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002)).

AFFIRMED.