**Maria Acelina VALENCIA–FRAGOSO, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 02–70028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Filed March 6, 2003.

Robert F. Jacobs, Santa Ana, CA, for the petitioner.

Cindy S. Ferrier, U.S. Department of Justice, Washington, D.C., for the respondent.

Before HALL, THOMPSON and BERZON, Circuit Judges.

## OPINION

PER CURIAM.

Maria Acelina Valencia–Fragoso is a native and citizen of Mexico who entered the United States without inspection on August 26, 1989. On February 20, 1998, the Immigration and Naturalization Service ("INS") initiated removal proceedings against her. On May 11, 1998, after having postponed the removal hearing twice, the Immigration Judge ("IJ") sent her a notice stating that the hearing had been rescheduled for 8:30 a.m. on July 1, 1998. She admits to receiving the notice.

On July 1, 1998, Valencia–Fragoso did not appear in court at 8:30 a.m. She had lost the hearing notice and thought the hearing was scheduled for 1:00 p.m. The IJ conducted the hearing without her and entered an *in absentia* removal order. In her motion to reopen, Valencia–Fragoso alleged that she misrecollected the time printed in the notice. She mistakenly thought that the hearing was scheduled for 1:00 p.m. (at which time she did appear), because the prior two hearings had been scheduled for that time. The IJ denied the motion to reopen, and the Board of Immigration Appeals ("BIA") affirmed. She now petitions for review.

■ Valencia–Fragoso argues that the IJ erroneously entered an *in absentia* removal order because she did not fail to appear at the hearing. We disagree. The hearing was scheduled for 8:30 a.m. and Valencia–Fragoso did not appear. In fact, she was four and one-half hours late. In these circumstances, she did indeed "fail to appear." *See Jerezano v. INS,* 169 F.3d 613, 615 (9th Cir.1999) (citing *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996) for the proposition that an alien who arrives forty-five to sixty minutes late has failed to appear).

Valencia–Fragoso's four and one-half hour tardy appearance, coupled with a lack of any showing that the IJ was still on the bench hearing cases, distinguishes this case from *Jerezano,* 169 F.3d at 615 (concluding that "[w]hile an IJ need not linger in the courtroom awaiting tardy litigants, so long as he is there on other business and the delay is short-as in this case [ (20 minutes) ]-it is an abuse of discretion to treat a slightly late appearance as a nonappearance."). We conclude that Valencia–Fragoso failed to appear for her scheduled removal hearing. We next consider whether she has demonstrated "exceptional circumstances" to justify reopening the proceedings notwithstanding her nonappearance.

■ "Exceptional circumstances" are defined by statute as "circumstances (such as serious illness of the alien ..., but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). Valencia–Fragoso argues that, like the alien in *Singh,* she reasonably misunderstood the time for her July 1 hearing. *See Singh,* 295 F.3d at 1039–40. *Singh,* however, involved a crucial and determinative circumstance which is not present in Valencia–Fragoso's case. Although we observed that "Singh could have easily misunderstood the time of" his hearing, and, like Valencia–Fragoso had faithfully appeared on time for previous hearings, Singh, at the time of his hearing, was the beneficiary of an approved visa petition. The INS conceded that he would not have been deported if his hearing had been held. Emphasizing the importance of this circumstance, we stated that "the

INS should not deny reopening of an *in absentia* deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation." *Id.* at 1040 (citations omitted).

Unlike *Singh*, Valencia–Fragoso made no showing that her circumstances are exceptional within the meaning of 8 U.S.C. § 1229a(e)(1). Moreover, she acknowledged at oral argument that, at best, were her case reopened she might hope for a discretionary grant of voluntary departure. Her case is akin to *Sharma*, where, as we stated in *Singh*, "[t]he petitioners' only possibility of relief from deportation in that case was a discretionary grant of asylum."

█ Finally, Valencia–Fragoso argues that the *in absentia* removal order violates her due process rights. We disagree. It is well settled that "[i]f an alien is provided proper written notice of a removal hearing and fails to attend, the immigration judge is required to enter an *in absentia* order of removal." *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002). The IJ did not violate Valencia–Fragoso's due process rights by following this rule. *Sharma*, 89 F.3d at 548 (noting that "[t]he IJ did not deny Petitioners due process by proceeding with the hearing in Petitioners' absence.").

**DENIED.**