**Geza LEVAI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71542.
Agency No. A70–015–402.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Adrien Medvei, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, DOJ–U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Geza Levai, a native and citizen of Hungary, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his deportation proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Levai's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition for review.

Levai contends that his attorney provided ineffective assistance by failing to timely appeal from the IJ's denial of his motion to reopen to rescind a deportation order entered in absentia, and failing to file a supplemental application for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA").

The failure to timely appeal did not cause prejudice because Levai cannot show that he was entitled to rescission given that Levai fails to demonstrate "exceptional circumstances" for his failure to appear at his deportation hearing. *See Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205 (9th Cir.2003) (per curiam) (holding that the alien did not demonstrate "exceptional circumstances" for her failure to appear at her hearing when she was late due to confusion about the hearing time).

Former counsel's failure to file a NACARA application did not cause prejudice because Levai was not eligible for NACARA. Levai was not made ineligible for suspension of deportation because of the stop-time rule, and therefore relief under NACARA is unnecessary. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 597–98 (9th Cir.2002) (noting that NACARA exempts certain aliens from the stop-time rule).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).