**Carlos Alberto Horne FERRARI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–74546, 04–75271.

Agency No. A75–693–923.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Alberto Horne Ferrari, Rancho Cucamonga, CA, pro se.

Alan R. Diamante, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Securi-ty, San Francisco, CA, Shelley R. Goad, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

In case no. 03–74546, Carlos Alberto Horne Ferrari ("Horne"), a native and citizen of Argentina, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his first motion to reopen proceedings in which he was ordered removed in absentia. In case no. 04–75271, Horne petitions for review of the BIA's denial of his second motion to reopen on grounds of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), and we grant the petitions for review.

The IJ and BIA abused their discretion when they concluded that Horne did not demonstrate exceptional circumstances to excuse his absence from his hearing before the IJ, pursuant to 8 U.S.C. § 1229a(b)(5)(C) and (e)(1). Considering the particular facts presented in this case, *see Singh*, 295 F.3d at 1040, Horne claimed that he suffered from diarrhea and vomiting on the day of the hearing, and submitted evidence that he was examined by a medical doctor that day and that the doctor diagnosed him as suffering from "acute gastroenteritis," prescribed him medication, and advised him to stay in bed. *Cf.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–92 (9th Cir.2002) (in which the alien made no showing of the seriousness of his alleged asthma attack and did not seek medical attention until two weeks after the date of the missed hearing).

Unlike the petitioner in *Valencia–Fragoso v. INS,* 321 F.3d 1204, 1206 (9th Cir. 2003), Horne had a motive to attend the hearing because at that time he was the beneficiary of an approved I–130 petition, and by the time the BIA considered his motion to reopen it appears that an immigrant visa was immediately available. *See Singh,* 295 F.3d at 1039–40 (observing that an alien had no reason to delay the hearing when he was eligible for adjustment of status).

Because we find that Horne demonstrated exceptional circumstances, we do not consider his contentions regarding ineffective assistance of counsel and equitable tolling of the numeric bar on motions to reopen.

In accordance with *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand to the agency for action consistent with this memorandum disposition.

**PETITIONS FOR REVIEW GRANTED; REMANDED.**