Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Debra Carrigan appeals pro se the district court's order dismissing her appeal of the bankruptcy court's order and its order striking her appellate brief. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review for abuse of discretion, *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir.2003), and we affirm.

Because Carrigan provided no argument on appeal challenging the district court's orders striking her appellate brief and denying her motion for rehearing, she waived her right to challenge those orders. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003).

The contentions Carrigan raises on appeal regarding her adversarial complaints against the Internal Revenue Service and others lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Omar Rodriguez ORTIZ; Yolanda Reyes Carreon, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74518.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Omar Rodriguez Ortiz and Yolanda Reyes Carreon, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying petitioners' motion to reopen removal proceedings after they were ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA did not abuse its discretion when it denied petitioners' motion to re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

open because their excuse that they failed to appear at the hearing due to their calendaring mistake does not rise to the level of "exceptional circumstances." *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *Valencia–Fragoso v. INS*, 321 F.3d 1204, 1205 (9th Cir.2003) (per curiam) (holding that applicant who was over four hours late, based on a misunderstanding of the time of the hearing, did not establish "exceptional circumstances").

Petitioners' contention that the BIA erred in affirming without opinion lacks merit because the BIA issued an opinion.

**PETITION FOR REVIEW DENIED.**

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.