**Alejandro MARTINEZ–PULIDO,
Petitioner—Appellant,**

v.

**Michael CHERTOFF, et al Secretary
of the Department of Homeland Se-
curity, Respondents—Appellees.**

No. 05–55826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided June 6, 2006.

Kevin A. Bove, Esq., Escondido, CA, for
Petitioner–Appellant.

U.S. Attorney, USSD–Office of the U.S.
Attorney, San Diego, CA, for Respon-
dents–Appellees.

Before: LAY,* KLEINFELD, and
SILVERMAN, Circuit Judges.

## MEMORANDUM **

Alejandro Martinez–Pulido appeals the
denial of his habeas petition challenging a
final order of deportation. After his habe-
as petition was denied, section 106 of the
REAL ID Act of 2005 removed jurisdiction
over habeas petitions of this sort, directed
the transfer of any petition pending in the
district court to the courts of appeal, and
directed the courts of appeal to treat them
as direct petitions for review from the
agency.[1] Martinez–Pulido's petition had
already been decided by the district court
but no notice of appeal had yet been filed,
but we have elected to exercise jurisdiction
in similar cases and treated the petitions
as direct petitions for review.[2] We thus
have jurisdiction to review Martinez–Puli-
do's case and treat it as a petition for
review from the BIA.

Martinez–Pulido relies on the uncon-
scionability rule set forth in *Singh v. INS,*[3]

---

* The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

1. *See* REAL ID Act, Pub.L. No. 109–13, 119
Stat. 231, § 106(c).

2. *See Alvarez–Barajas v. Gonzales,* 418 F.3d
1050, 1053 (9th Cir.2005).

3. *See Singh v. INS,* 295 F.3d 1037 (9th Cir.
2002).

but the government argues that the relief was a certainty in *Singh* and the hearing was only a formality.[4] The government argues that Martinez–Pulido's failure to appear at his hearing is thus fatal because he cannot show "exceptional circumstances."[5]

But this is not a failure to appear case. Martinez–Pulido did appear, but was denied entry to the hearing. This case is therefore analogous to *Romani v. I.N.S.*[6] The statute only requires an alien to show exceptional circumstances to excuse a failure to appear. Because Martinez–Pulido did appear, he does not need them. The BIA thus abused its discretion in denying Martinez–Pulido's motion to reopen, and Martinez–Pulido is due an opportunity to appear at his hearing.

**PETITION GRANTED.** We **REMAND** so that Martinez–Pulido may have his petition for 212(c) relief considered on the merits.

---

**4.** *See Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205–06 (9th Cir.2003).

**5.** 8 U.S.C. § 1229a(b)(5)(C)(i).

**6.** *Romani v. INS,* 146 F.3d 737, 739 (9th Cir.1998).