**Fermin PEREZ–SOTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75609.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Enrique Arevalo, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, Los Angeles, CA, David A. De-jute, Los Angeles, CA, Richard M. Evans, Paul Fiorino, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Fermin Perez–Soto, a native and citizen of Cuba, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The agency did not abuse its discretion in denying Perez–Soto's motion to reopen for failure to establish exceptional circumstances where Perez–Soto contended that he misunderstood or was confused as to the time of the scheduled hearing, the submitted evidence of his medical conditions predated the hearing by more than a decade, and Perez–Soto sought to reopen in order to seek relief under the Convention Against Torture. *See* 8 U.S.C. § 1229a(e)(1) ("exceptional circumstances" include those beyond the alien's control, such as the serious illness of the alien, or the death or serious illness of an immediate relative, but not less compelling circumstances); *Valencia–Fragoso v. INS*,

321 F.3d 1204, 1205–06 (9th Cir.2003) (per curiam) (confusion as to time of scheduled hearing did not amount to exceptional circumstances where the in absentia order did not lead to unconscionable result).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

