RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I am in complete and total disagreement with the majority’s conclusion that the facts of this case present an extraordinary circumstance. Stripped to its essence, the Petitioner’s story is one of an unexplained disappearance resulting in his failure to appear at his removal proceeding. Coupled with the Petitioner’s disappearance was his new counsel’s failure to file a notice of appearance with the immigration court, thereby eliminating the possibility of his receiving notice of the impending proceeding.
The majority characterizes these facts as “ironic.” See Majority Opinion, p. 1049. In my view, a more accurate description of the Petitioner’s failure to maintain contact with his attorney and the immigration court is “derelict.” Whether an irony or a dereliction, there is nothing extraordinary about these facts.
I am not persuaded that either Ranjit Singh v. INS, 295 F.3d 1037, 1040 (9th Cir.2002) or Chete Juarez v. Ashcroft, 376 F.3d 944, 947 (9th Cir.2004) supports a remand under the facts of this case. In Ranjit Singh, although tardy, the Petitioner actually appeared at the proceeding. See Ranjit Singh, 295 F.3d at 1038-39. *1051 More importantly, as the majority acknowledges, see Majority Opinion, p. 1047-48, the Petitioner in Ranjit Singh had an approved visa petition and would not have been deported had he appeared at the deportation proceeding. See Ranjit Singh, 295 F.3d at 1039. In contrast, Predrag Vukmirovie, the Petitioner in this case, did not attend the proceeding at all. Nor was he the beneficiary of an approved visa petition. The most Vukmirovie could hope for was a discretionary grant of asylum. See Vukmirovic v. Ashcroft, 362 F.3d 1247, 1249 (9th Cir.2004). The very case relied on by the majority and authored by the same writer made a point of noting that no exceptional circumstances would exist where the “only possibility of relief from deportation ... was a discretionary grant of asylum.” Ranjit Singh, 295 F.3d at 1039-40. Vukmirovic’s circumstances bear little resemblance to those deemed extraordinary in Ranjit Singh.
Similarly, in Chete Juarez, we determined that exceptional circumstances existed. A major factor in the determination was the likelihood that the Immigration Judge would have granted Chete Juarez the relief she sought, suspension of deportation. No parallel likelihood exists for Vukmirovie.
The majority accuses the Board of Immigration Appeals (BIA) of interpreting Valencia-Fragoso v. INS, 321 F.3d 1204 (9th Cir.2003) (per curiam) “as holding that a petitioner could effectively never demonstrate that exceptional circumstances are present as long as the petitioner is seeking a discretionary form of relief.” Majority Opinion, p. 1048 (emphasis in the original). Not so. The BIA did nothing other than the panel in Ranjit Singh did — consider the discretionary relief sought as a factor that weighed against a finding that extraordinary circumstances existed. See Ranjit Singh, 295 F.3d at 1039-40.
In sum, the majority stretches our precedent to grant relief in this case that bears no resemblance to the facts of Ranjit Singh or Chete Juarez. In keeping with our precedent, I would deny Vukmirovic’s petition Accordingly, I respectfully dissent.