**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2012



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIGFREDO ALEXANDER BONILA-CORTEZ, | No. 11-72396 |
| Petitioner, | Agency No. A078-981-634 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Sigfredo Alexander Bonila-Cortez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Bonila-Cortez's motion to reopen as untimely where it was filed nearly four and a half years after his order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days), and Bonila-Cortez failed to establish that he qualified for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678-80 (9th Cir. 2011) (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

It follows that the BIA did not violate Bonila-Cortez's due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *see also Valencia-Fragoso v. INS,* 321 F.3d 1204, 1206 (9th Cir. 2003) (per curiam) ("It is well settled that if an alien is provided proper written notice of a removal hearing

and fails to attend, the immigration judge is required to enter an in absentia order of removal." (internal citation omitted)).

Bonila-Cortez's contention that the IJ's decision violated his due process rights because it was inadequate is unsupported and unavailing. *See Najmabadi v. Holder,* 597 F.3d 983, 990-91 (9th Cir. 2010).

In light of our disposition, we need not address Bonila-Cortez's remaining contentions.

**PETITION FOR REVIEW DENIED.**