**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO JUAREZ-LORENZO, | No. 11-70909 |
| Petitioner, | Agency No. A095-761-112 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Pedro Juarez-Lorenzo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's denial of his motion to reopen removal proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying Juarez-Lorenzo's motion to reopen where he failed to establish that exceptional circumstances excused his failure to appear at his hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir. 1996) (traffic congestion and parking difficulties insufficient to require reopening); *see also Valencia-Fragoso v. INS,* 321 F.3d 1204, 1205-06 (9th Cir. 2003) (per curiam) (considering that only possible relief was discretionary grant of voluntary departure as factor in exceptional circumstances determination).

We lack jurisdiction to review Juarez-Lorenzo's claim regarding the transcript from his February 2009 hearing because he failed to raise it before the BIA, and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010). Juarez-Lorenzo's contention regarding the transcript from his November 2009 hearing is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70909