**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANDREY CHERBA, | No. 12-73352 |
| Petitioner, | Agency No. A071-378-762 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Andrey Cherba, native of the former USSR and citizen of Ukraine, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his motion to

reopen removal proceedings conducted in absentia.  Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying reopening based on lack of notice because Cherba was served in person with the Notice to Appear ("NTA"), which specified the charges against him and warned him explicitly of the consequences of his failure to appear. *See Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (citing 8 U.S.C. § 1229a(b)(5)(A), (C)); *see also* 8 U.S.C. § 1229(a)(1)(D) (NTA shall include charges against the alien and the statutory provisions alleged to have been violated). Cherba's contention that his NTA was defective because it did not specify the date and time of his removal hearing is foreclosed by *Popa v. Holder,* 571 F.3d 890, 896 (9th Cir. 2009) (NTA and hearing notice combined satisfied requirements of 8 U.S.C. § 1229(a)(1)(G)(i)).

The agency did not abuse its discretion in denying Cherba's motion to reopen because he failed to establish that "exceptional circumstances" caused his failure to appear. *See* 8 U.S.C. §§ 1229a (b)(5)(C)(i), (e)(1); *see also Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (per curiam)

12-73352

(holding that confusion as to a hearing time does not amount to exceptional circumstances). The BIA did not abuse its discretion in declining to remand so that Cherba could submit additional evidence in support of his claim of exceptional circumstances, where the additional evidence was not new or previously unavailable and had not been submitted before the IJ. *See* 8 C.F.R. § 1003.2(c)(1).

To the extent Cherba seeks to raise an ineffective assistance of counsel claim or raise new grounds for establishing exceptional circumstances, we lack jurisdiction to consider these unexhausted claims. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

We do not consider the extra-record evidence submitted for the first time with Cherba's opening brief because the court's review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

In light of this disposition, we do not reach Cherba's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**