**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 24 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE ISAI SANTOS-PORTILLO, AKA Josue Issai Santos-Portillo,<br><br>   Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No.   15-72204<br><br>Agency No. A205-004-833<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Josue Isai Santos-Portillo, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Santos-Portillo's motion to reopen for failure to establish exceptional circumstances, where he failed to attend his hearing because he forgot the date of his hearing due to stress and confusion. *See* 8 C.F.R. §1003.23(b)(4)(ii); 8 U.S.C. §1229a(e)(1); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (no exceptional circumstances where petitioner forgot the scheduled time of her hearing).

Contrary to Santos-Portillo's contention, the agency applied the correct legal standard and did not fail to address relevant factors or evidence. *See Celis-Castellano,* 298 F.3d 888, 892 (9th Cir. 2002) (applying a totality of the circumstances test to determine whether exceptional circumstances were present); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)). Nor did the BIA err in distinguishing Santos-Portillo's case from *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000), where Santos-Portillo's only possible relief from removal was discretionary.

Santos-Portillo has not established that the agency violated his due process rights by denying the motion. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**