**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OFELIA ELIZABETH ALVARADO-MELENDEZ and GENESIS ELIZABETH LOPEZ-ALVARADO, | No. 15-73035 |
| Petitioners, | Agency Nos. A206-836-858 |
| | A206-836-859 |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:  GOODWIN, FARRIS and FERNANDEZ, Circuit Judges.

Ofelia Elizabeth Alvarado-Melendez and Genesis Elizabeth Lopez-

Alvarado, natives and citizens of El Salvador, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judge's order denying their motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen for failure to establish exceptional circumstances, where they failed to attend their hearing because of a misunderstanding with their attorney. *See* 8 C.F.R. §1003.23(b)(4)(ii); 8 U.S.C. §1229a(e)(1); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (no exceptional circumstances where petitioner was late to her hearing due to confusion about the time).

To the extent petitioners contend that their former counsel was ineffective, we lack jurisdiction to review this unexhausted claim. *See Tijani v. Holder*, 628 F.3d 1070, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We also lack jurisdiction to review the agency's determination not to reopen sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824-825 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**