NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO RODRIGUEZ-RUVALCABA,
AKA Mario Ruvalca,

No. 17-71671

Petitioner,

Agency No. A089-858-719

v.

MEMORANDUM[*]

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Mario Rodriguez-Ruvalcaba, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Rodriguez-Ruvalcaba's motion to reopen for failure to establish exceptional circumstances, where he did not establish that he failed to appear at his hearing due to circumstances beyond his control. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *cf. Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (no exceptional circumstances where petitioner was late to her hearing due to confusion about the time). The record does not support Rodriguez-Ruvalcaba's contention that the agency failed to consider relevant factors. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention)

Our jurisdiction to review the agency's discretionary decision not to reopen proceedings sua sponte is limited to "reviewing the reasoning behind the decisions for legal or constitutional error." *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). The record does not support Rodriguez-Ruvalcaba's contentions that the agency failed to adequately explain its decision not to reopen sua sponte. *See*

2

17-71671

*Najmabadi*, 597 F.3d at 990.

**PETITION FOR REVIEW DENIED.**