NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAREO TAPIA-IBARRA, AKA Julio
Cesar-Hernandez,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-73410

Agency No. A205-489-712

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Cesareo Tapia-Ibarra, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err or abuse its discretion in denying Tapia-Ibarra's motion to reopen for failure to establish exceptional circumstances, where he did not show that he failed to appear at his hearing due to circumstances beyond his control. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (no exceptional circumstances where petitioner was late to her hearing due to confusion about the time and did not show eligibility for relief).

We reject Tapia-Ibarra's contentions that the BIA failed to consider relevant evidence, that *Singh v. INS*, 295 F.3d 1037 (9th Cir. 2002), controls the result of his case, or that the agency otherwise applied the wrong standard. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record); *Valencia-Fragoso*, 321 F.3d at

1205-06 (distinguishing *Singh*).

**PETITION FOR REVIEW DENIED.**