**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFI SAPIR,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   19-72715

Agency No. A206-081-842

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 26, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Rafi Sapir is a native and citizen of Israel. Sapir petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration

judge's ("IJ") denial of his motion to reopen proceedings and rescind his *in*

*absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We deny the petition for review.

1.      Sapir was admitted to the United States on November 7, 2012 as a nonimmigrant visitor with permission to stay until May 6, 2013. Sapir married a U.S. citizen in July 2013. On August 30, 2013, the Department of Homeland Security served Sapir with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. Relevant to this petition and motion to reopen,[1] Sapir's merits hearing before the IJ was scheduled for February 14, 2018.

2.      In April 2015, Sapir's wife filed an I-485 adjustment of status application and I-130 visa petition on Sapir's behalf. Sapir failed to appear for the initial and rescheduled interviews with U.S. Citizenship and Immigration Services ("USCIS") regarding his application and petition, and both were denied in November 2017. Sapir's wife filed another I-130 visa petition on Sapir's behalf in January 2018. Sapir moved to continue the IJ hearing in light of his pending application, but the IJ denied Sapir's motion. Sapir failed to appear for his

---

[1]      Sapir failed to appear at his initial removal hearing on May 5, 2015 due to lack of proper notice, and the IJ ordered him removed *in absentia*. Sapir filed a prior motion to reopen and rescind his *in absentia* removal order based on lack of proper notice, and the IJ granted the motion.

February 14, 2018 hearing, and the IJ ordered him removed *in absentia*.

3.      On February 15, 2018, Sapir, through his counsel, filed a motion to reopen his proceedings and rescind his *in absentia* removal order, stating that his failure to appear was due to a calendaring error.  The IJ denied Sapir's motion to reopen, holding that "merely assert[ing] [Sapir] was mistaken as to the hearing date with no explanation as to why he was mistaken" did not constitute an exceptional circumstance.  The IJ also held that because Sapir "has not been faithfully or diligently appearing [for] his court hearings or interviews" with the USCIS and did not have an approved I-130 petition, his situation was distinguishable from *Singh v. INS* and denial of Sapir's motion to reopen would not lead to an unconscionable result.  *See* 295 F.3d 1037, 1040 (9th Cir. 2002).  Finally, the IJ held that Sapir's situation was not an "exceptional" situation justifying exercise of *sua sponte* reopening.

4.      Sapir appealed the decision to the BIA, and the BIA affirmed the IJ's denial of the motion to reopen for the same reasons.  The BIA also affirmed the IJ's determination that Sapir did not demonstrate exceptional circumstances to warrant *sua sponte* reopening of proceedings.[2]

5.      An *in absentia* removal order can be rescinded if a petitioner files a

---

[2]      Because Sapir does not meaningfully challenge this holding, the issue of *sua sponte* reopening is waived.  *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.3 (9th Cir. 2008).

motion to reopen within 180 days after the date of the removal order and demonstrates that the failure to appear was because of "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are defined as circumstances "beyond the control" of the noncitizen such as battery, extreme cruelty, or serious illness to the noncitizen or to the spouse, child, or parent of the noncitizen. *Id*. § 1229a(e)(1). The IJ also should not deny reopening of an *in absentia* removal order "where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation." *Singh*, 295 F.3d at 1040.

6.    The BIA did not abuse its discretion by finding that Sapir did not demonstrate exceptional circumstances that would excuse his failure to appear. Sapir recording the wrong hearing date was a mistake, but not one beyond his control and consequently not an exceptional circumstance.

7.    Although Sapir is potentially eligible for adjustment of status because of his marriage to a U.S. citizen, we do not find the denial of his motion to reopen unconscionable. Sapir's citation to *Singh* is inapposite. There, we found the denial of reopening unconscionable because the petitioner "diligently pursued" his visa petition. *Singh*, 295 F.3d at 1038, 1040. Here, Sapir has not shown similar diligence in pursuing his visa petition. Sapir's initial visa petition and adjustment of status application were denied because he failed to appear for interviews before

4

the USCIS,[3] and Sapir's second visa petition was filed less than a month before his scheduled hearing on February 14, 2018.

8.      Crucially, the petitioner in *Singh* was "the beneficiary of an approved visa petition" at the time of his hearing and would not have been deported had his hearing been held. *Id.* at 1039; *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205 (9th Cir. 2003) (distinguishing petitioner from *Singh* on this basis). Here, Sapir did not submit proof of an approved visa petition before the IJ or on appeal to the BIA. Although Sapir contends that his visa petition was approved on January 17 or 18, 2018,[4] Sapir has still not submitted proof.[5] For those reasons, the agency did not abuse its discretion in denying Sapir's motion to reopen and rescind his *in absentia* removal order.

**PETITION DENIED.**

---

[3]      Sapir's opening brief claims that he did not attend his USCIS interview on the advice of counsel, though he does not provide a declaration to support this contention. Even if true, however, this fact does little to mitigate the finding of a lack of diligence because there is no indication that Sapir informed USCIS of his inability to attend the interview or attempted to reschedule it. This failure is particularly noteworthy because Sapir had requested to reschedule his previous USCIS interview.

[4]      The record shows that Sapir filed his second I-130 visa petition on January 17, 2018. USCIS acknowledged receipt of the petition on January 19, 2018. So it is also unlikely his visa petition was approved on January 17 or 18, 2018.

[5]      Sapir's opening brief states "Notice of approval of I-130 Petition" is in the addendum to his opening brief, but the addendum itself does not attach any proof.