**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

PASCUAL AGUILAR-ESCOBAR, AKA
Pascual Agular Escobar,

         Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

         Respondent.

No. 20-72313

Agency No. A215-644-125

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.
Concurrence by Judge R. NELSON.

    Petitioner Pascual Aguilar-Escobar, a citizen of Guatemala, seeks review of

a Board of Immigration Appeals ("BIA") decision dismissing his appeal from an

Immigration Judge's ("IJ") denial of his motion to reopen proceedings and rescind

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his in absentia removal order.  We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

We review the "denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021).  The BIA and IJ must consider the totality of circumstances when deciding whether a noncitizen has established "exceptional circumstances" for failing to appear at their immigration court proceedings.  *Id.* (quoting 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1)).

Considering the totality of the circumstances, the BIA and IJ abused their discretion in denying Aguilar-Escobar's motion to reopen.  First, Aguilar-Escobar did all he "reasonably could to have [his] day in court," and the BIA and IJ discounted his significant efforts to attend court.  *See Montejo-Gonzalez v. Garland*, 119 F.4th 651, 657 (9th Cir. 2024).  Because Aguilar-Escobar does not speak or read English, he could not understand the notice sent to him rescheduling his hearing.  He reached out to a friend for translation help.  When his friend was unable to assist him, he appeared at the immigration court on the originally scheduled hearing date.  The courtroom was closed, and a court employee handwrote the rescheduled hearing date, April 2, 2019, on his hearing notice.  The "l" and the "2" were not clearly separated, and Aguilar-Escobar misread this date to mean April 12, confusing the "l" for a "1."  His mistake was reasonable for

2

someone who does not speak or read English. *See Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002) (finding exceptional circumstances where the petitioner "easily misunderstood" their hearing time). Moreover, his efforts to receive translation help demonstrate that his mistake was "due not to [his] choices or a lack of diligence, but to circumstances beyond [his] control." *Hernandez-Galand*, 996 F.3d at 1035.

Second, the BIA and IJ ignored Aguilar-Escobar's lack of motive for not appearing and his overall diligence in trying to appear for his removal hearing. He attended his first hearing and appeared at the originally scheduled date for his second hearing. He sought a lawyer on April 10, in anticipation of what he thought would be his hearing on April 12. With the assistance of counsel, he promptly filed a motion to reopen only fourteen days after the missed hearing date. "This case is exceptional, because the petitioner had no possible reason to try to delay the hearing," *Singh*, 295 F.3d at 1040, and he did not try to do so. Both the BIA and IJ abused their discretion by omitting any analysis of motive and diligence.

Third, the BIA and IJ discounted Aguilar-Escobar's claims for asylum and related relief as "speculative." Although there is no guarantee of relief, Aguilar-Escobar's claims are plausible rather than merely speculative. We have previously found that a removal order "present[ed] an unconscionable result"

3

where the petitioner's claims for asylum and related relief were not "baseless." *Hernandez-Galand*, 996 F.3d at 1036–37. Further, the "likelihood of prevailing on the merits is not a necessary condition of establishing 'exceptional circumstances'" where, as here, there has been a strong showing on the other factors. *Montejo-Gonzalez*, 119 F.4th at 659 (citing *Hernandez-Galand*, 996 F.3d at 1037).

We therefore conclude that Aguilar-Escobar established that he missed his hearing due to exceptional circumstances, and that his failure to attend his April 2 hearing should be excused. We remand to the BIA for further proceedings consistent with this disposition. In light of this disposition, we do not reach Aguilar-Escobar's remaining contention in his petition.

The motion for a stay of removal (Dkt. Entry No. 1) is granted.

**PETITION GRANTED.**

*Aguilar-Escobar v. Garland*, No. 20-72313

R. Nelson, J., concurring in the judgment:

To rescind his in absentia removal order, Pascual Aguilar Escobar must show that "exceptional circumstances" prevented him from appearing at his hearing. 8 U.S.C. § 1229a(b)(5)(C)(i). Congress has defined "exceptional circumstances" narrowly: they are circumstances "beyond the control of the alien" that are no "less compelling" than serious illness or the death of a spouse or child. *Id.* § 1229a(e)(1).

Aguilar-Escobar does not meet these criteria. He claims he missed his removal hearing because he "misunderstood his hearing date." Specifically, the immigration court sent Aguilar-Escobar a notice changing his hearing date from March 25 to "Apr 2." Aguilar-Escobar appeared in court on March 25 and asked for clarification. A court employee confirmed that the hearing had been rescheduled and re-wrote the new date for Aguilar-Escobar:



Still, Aguilar-Escobar failed to appear for his hearing on April 2. Why? He claims that he misread "April 2" as "Apri 12."

On no plausible reading of the statutory text does Aguilar-Escobar's oversight qualify as an "exceptional circumstance." Misreading a hearing notice is not as

1

compelling an excuse as serious illness or the death of a spouse. *See* § 1229a(e)(1). Nor was Aguilar-Escobar's oversight "beyond [his] control." *See id.* Not long ago, we recognized as much, holding that scheduling mistakes are typically not exceptional circumstances. *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003) (per curiam). Thus, at the very least, it wasn't arbitrary or irrational for the BIA to conclude that Aguilar-Escobar's oversight was not an exceptional circumstance beyond his control.

Yet our precedent has since strayed far from the text. We've swapped the exceptional-circumstances test that Congress enacted for a test advocated in a law review article: we consider "the totality of the circumstances" and ask whether it was "reasonabl[e]" to expect the petitioner to appear. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (quoting Iris Gomez, *The Consequences of Nonappearance: Interpreting New Section 242B of the Immigration and Nationality Act*, 30 San Diego L. Rev. 75, 151 (1993)). And despite the fact that Congress gave the BIA discretion to decide which factors make a petitioner's excuse "compelling," 8 U.S.C. § 1229a(e)(1); *cf. INS v. Jong Ha Wong*, 450 U.S. 139, 143 n.5 (1981), we have invented factors that the BIA "must first consider" before denying a motion to reopen, *Hernandez-Galand*, 996 F.3d at 1034.

Applying this new test, we have repeatedly faulted the BIA for declining to rescind removal orders based on circumstances that, under the statute, are nowhere

2

near "exceptional." A petitioner gets stuck in Seattle traffic and misses her hearing. Under our precedent, that's an exceptional circumstance—as long as the petitioner has children that might be separated from her. *Montejo-Gonzalez v. Garland*, 119 F.4th 651, 657–58 (2024). A family friend neglects to tell the petitioner that his hearing notice arrived in the mail. Under our precedent, that too is an exceptional circumstance. *Singh v. Garland*, 117 F.4th 1145, 1148–49 (9th Cir. 2024). A petitioner simply forgets her hearing date. That's also an exceptional circumstance—if the petitioner has an asylum claim that, though unlikely to succeed, is at least "not baseless." *Hernandez-Galand*, 996 F.3d at 1035, 1037. Per our precedent, not only are these run-of-the-mill excuses "exceptional circumstances," but the BIA abuses its discretion if it disagrees.

There is no question that we have strayed far from the text that Congress enacted. The en banc court or the Supreme Court should correct our wayward precedent. But until then, our precedent is binding. And Aguilar-Escobar's misreading of his hearing notice is no less compelling than forgetting a hearing date or getting stuck in traffic. Because "it would be freakish to single out [Aguilar-Escobar] for special treatment," I concur in the judgment. *Gundy v. United States*, 588 U.S. 128, 149 (2019) (Alito, J., concurring in judgment).

3