NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YULIANA ANAHI ESCOBAR-CHAVEZ
DE PEREZ; STYVEN ISAAC PEREZ-
ESCOBAR; ANGELICA ANAHI PEREZ-
ESCOBAR,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4001

Agency Nos.
A203-710-902
A203-710-900
A203-710-901

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Pasadena, California

Before: TALLMAN, IKUTA, and R. NELSON, Circuit Judges.

Yuliana Anahi Escobar-Chavez De Perez and her two children, Styven Isaac

Perez-Escobar and Angelica Anahi Perez-Escobar, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their motion

to reopen removal proceedings conducted in absentia. We have jurisdiction under

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

Escobar-Chavez De Perez's mistake concerning the date of her hearing did not constitute exceptional circumstances beyond her control that would excuse her failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C), (e)(1); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003). Petitioners were not, at the time of the hearing, the beneficiaries of an approved visa petition, *cf. Singh*, 295 F.3d at 1040, nor did they provide evidence of exceptional circumstances beyond their control. Therefore, the agency did not abuse its discretion in denying the motion to reopen.

**PETITION FOR REVIEW DENIED.**