NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO VINICIO SANTIZO-QUEL, | No. 21-70924 |
| Petitioner, | Agency No. A213-134-071 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Petitioner Marco Vinicio Santizo-Quel petitions for review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of the immigration

judge's (IJ) denial of his motion to reopen removal proceedings. We deny the

petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"The denial of a motion to reopen is reviewed for abuse of discretion." *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). A non-citizen may challenge an in-absentia removal order by demonstrating (1) "that the failure to appear was because of exceptional circumstances" or (2) that they did not receive proper notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C); *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

Santizo-Quel concedes that he received proper notice of the hearing but argues that exceptional circumstances justify his failure to appear. Specifically, he asserts that he "became confused as to the next [hearing] date, thinking it was September 26, 2019," and that this was "an innocent mistake." He also argues that (1) he attended all his prior removal hearings; (2) he kept his current address up to date with the court; (3) the hearing notice was in English, and he only speaks Spanish; (4) the IJ rushed through the case and was confusing; and (5) the next hearing was a master-calendar hearing, not a merits hearing.

This case is analogous to *Valencia-Fragoso v. INS*, in which the petitioner "had faithfully appeared on time for previous hearings" but missed her removal

hearing because "[s]he had lost the hearing notice and . . . mistakenly thought that the hearing was scheduled for" a different time. 321 F.3d 1204, 1205 (9th Cir. 2003) (per curiam). We denied the petition for review in that case because the petitioner had "made no showing that her circumstances [were] exceptional." *Id.* at 1206. The same is true here.

Santizo-Quel's additional argument about the language notice was provided in is irrelevant because he "readily concede[d] that [he] was given proper notice of his hearing." Santizo-Quel's remaining allegations—that he kept his current address up to date with the court and that the next hearing was not a merits hearing—also do not establish exceptional circumstances.

**PETITION DENIED.**