

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDY JESUS PEREZ-LOPEZ, AKA Sandy Lopez, AKA Jesus Lopez Martinez, AKA Jesus Perez, AKA Sandy Jesus Perez, | No.   14-71717 |
| | Agency No.  A200-244-290 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| JEFF B. SESSIONS, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2017[**]
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Sandy Jesus Perez-Lopez, a native and citizen of Mexico, petitions for

review of an order from the Board of Immigration Appeals (BIA) dismissing his

appeal of an order denying his motion to reopen removal proceedings conducted in

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed.  R.  App.  P.  34(a)(2).

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Hernandez-Velasquez v. Holder,* 611 F.3d 1073, 1077 (9th Cir. 2010). We deny the petition for review.

1. The agency did not abuse its discretion in denying the motion to reopen. First, Perez did not show that exceptional circumstances beyond his control caused his failure to appear at his removal hearing. He relied on incorrect information from his girlfriend that the hearing had been cancelled and he did not attempt to confirm with his attorney or the court that his hearing had actually been cancelled. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii) (providing that an in absentia order may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances"); 8 U.S.C. § 1229a(e)(1) ("The term 'exceptional circumstances' refers to exceptional circumstances . . . beyond the control of the alien."); *compare Singh-Bhathal v. INS,* 170 F.3d 943, 946–47 (9th Cir. 1999) (holding no exceptional circumstance beyond alien's control where "he failed to appear at his hearing, not because of illness, a death in the family, or some similarly severe impediment, but because he took the word of [an immigration] consultant over that of the INS"), *with Lo v. Ashcroft,* 341 F.3d 934, 935–36 (9th Cir. 2003) (concluding that ineffective

2

assistance of counsel and exceptional circumstances exist where an attorney or attorney's agent misinforms a petitioner about the time of his hearing).

Second, Perez did not establish that exceptional circumstances existed, because he failed to attach his application for cancellation of removal to his motion to reopen and his only possible relief was a discretionary grant of cancellation of removal. *Compare Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003) (per curiam) (concluding that no exceptional circumstances existed where the petitioner misunderstood the hearing time, particularly because the petitioner's only possible relief was a discretionary grant of voluntary departure), *with Singh v. INS*, 295 F.3d 1037, 1038, 1040 (9th Cir. 2002) (concluding extraordinary circumstances existed where the petitioner misunderstood the timing of his hearing but had an approved visa petition, "diligently pursued his efforts to obtain lawful permanent residence status[,] . . . had no possible reason to try to delay the hearing," and the order of removal would have resulted "in either the break-up of a family or if the family were to remain intact, the ouster of three American citizens—Singh's wife and two children").

2.     The BIA's misstatement that Perez had not submitted an affidavit with his motion to reopen does not demonstrate an abuse of discretion, because the contents of Perez's declaration were repeated in his motion and the decisions of the

3

immigration judge and BIA addressed the declaration's content. *See Avagyan v. Holder,* 646 F.3d 672, 681 (9th Cir. 2011) ("The BIA abuses its discretion when it denies petitioner's claim with no indication that it considered all of the evidence and claims presented by the petition."). The BIA did not violate Perez's due process rights because Perez cannot show prejudice where he did not attach his application for cancellation of removal to his motion to reopen or otherwise show evidence of his eligibility. *See Padilla-Martinez v. Holder,* 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings . . . .").

**PETITION FOR REVIEW DENIED.**