NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE ANTIMO JASSO,<br><br>          Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.    20-71240<br><br>Agency No. A070 179 280<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022[**]
Seattle, Washington

Before:  HAWKINS and BUMATAY, Circuit Judges, and SEEBORG,[***] District Judge.

Petitioner Enrique Antimo Jasso, a native and citizen of Mexico, petitions

for review of a denial of a motion to reopen administrative removal proceedings by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

the Board of Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252. Petitioner seeks to challenge his 1994 *in absentia* removal order in a motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion, *i.e.*, whether it was "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal quotation marks omitted); *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). "We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence[.]" *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny the petition for review in part and dismiss in part.

1. An *in absentia* deportation order can be revoked "upon a motion to reopen filed within 180 days after the date of the [deportation order] if the alien demonstrates that failure to appear was because of exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A).[1] Petitioner's motion was clearly untimely, as it was filed in 2019, roughly 25 years after his deportation order. Thus, to qualify for reopening, Petitioner must show that there were exceptional circumstances and that equitable tolling excuses his untimeliness. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999).

---

[1] Petitioner's order to show cause was issued before the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") became effective. Therefore, pre-IIRIRA rules regarding motions to reopen apply here. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004).

Petitioner argues that exceptional circumstances are present here because his car was stolen in the days prior to his July 21, 1994, removal hearing, and his notice to appear was in the car. Petitioner remembered the day the hearing was to take place, but according to Petitioner, he misremembered the time of the hearing and arrived three-and-a-half hours late. Even assuming Petitioner's car was stolen, the BIA did not abuse its discretion in determining he had not demonstrated exceptional circumstances to excuse his untimely motion. The theft of the car is only relevant here in that it caused Petitioner to lose the notice of appearance. Yet losing the notice of appearance or misremembering the time of the hearing is not an exceptional circumstance. *See Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003). The term "exceptional circumstances" refers to "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2) (1994).[2] Although the theft of Petitioner's car was beyond his control, no exceptional circumstances prevented him from appearing, any more than if he had simply misplaced the notice himself. And as the BIA found, Petitioner could have called the court to confirm the time of the

---

[2] The current definition of "exceptional circumstances" is slightly different from the pre-IIRIRA definition, but the basic premise is the same: "we consider all exceptional—i.e., compelling—circumstances relevant to a petitioner's motion to reopen." *Chete Juarez*, 376 F.3d at 948.

hearing.

2. The BIA also did not abuse its discretion in finding that equitable tolling does not apply because there was no "deception, fraud or error" committed by Petitioner's counsel. *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). The lawyer Petitioner contacted in 1994 told him there were "not many options" to proceed, which the BIA reasonably characterized as not a statement of gross malfeasance. The BIA also concluded that Petitioner did not act with due diligence in waiting 25 years to reopen his case. This was not an abuse of discretion as he has no explanation for not consulting another attorney, even after multiple reinstatements of his deportation order,[3] especially given that his first attorney had not indicated his case was totally hopeless. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016).

3. Petitioner next argues that he asked for *sua sponte* reopening and it is not clear that either the IJ or the BIA considered this argument, violating his right to have his arguments adjudicated. *See Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) ("The BIA abuses its discretion when it denies petitioner's claim with no indication that it considered all of the evidence and claims presented by the

---

[3] The IJ mistakenly wrote that the deportation order was reinstated three times; in fact, it was only reinstated twice. Petitioner's argument that this mistake was given improper weight is rejected: the IJ's decision does not turn on the number of reinstatements, but the fact that the order was reinstated multiple times. The BIA appropriately found the error harmless.

petition."). We have no jurisdiction to review this claim since he failed to raise it to the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."). For the same reason, we lack jurisdiction to review Petitioner's argument that the BIA engaged in improper factfinding. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (discussing the requirement that a petitioner must exhaust an improper factfinding claim before the BIA).[4]

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

---

[4] Because we find Petitioner is not entitled to relief, we need not reach the arguments about preclusion under 8 USC § 1231(a)(5), or waiver of that argument.