NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE SALONGA TALLARA, JR.,

Petitioner,

v.

MERRICK B. GARLAND,
Attorney General,

Respondent.

No. 20-70424

Agency No. A096-616-105

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Jose Salonga Tallara ("Tallara") seeks review of a Board of

Immigration Appeals ("BIA") decision affirming a decision by an Immigration

Judge ("IJ") denying Petitioner's motion to reopen removal proceedings. We have

jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

The court reviews the denial of a motion to reopen for an abuse of discretion. *See, e.g.*, *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under that standard, the court must affirm the agency's denial of reopening unless its decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). When, as here, "the BIA issues a *Burbano* affirmance, we review the IJ's decision as if it were the decision of the BIA." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) and referring to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

Tallara challenges the agency's ruling on a number of grounds, but those claims are time-barred. Under 8 U.S.C. § 1229a(b)(5)(C)(i), noncitizens who seek recission of an *in absentia* order based on exceptional circumstances must file any motion to reopen within 180 days of the underlying removal order. Tallara did not meet this deadline. His underlying removal order was entered on April 12, 2013, but he did not file his motion to reopen until nearly five years later on February 21, 2018. And Tallara has not argued that the statutory deadline should be equitably tolled or otherwise excused. *Cf. Fajardo v. I.N.S.*, 300 F.3d 1018, 1020–22 (9th Cir. 2002). Because Tallara did not file his motion to reopen within the mandatory deadline, the BIA was within its discretion to deny his untimely motion.

2

Even if Tallara had filed his motion within the statutory deadline, his claim would be meritless because he has failed to demonstrate any "exceptional circumstances" that prevented him from attending his scheduled hearing. The movant bears the burden of supporting a motion to reopen with specific, detailed evidence that can support a claim of exceptional circumstances. *See Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). But Tallara alleges nothing more than that he "inadvertently failed to appear for [his] hearing due to confusion about the hearing date." A noncitizen's mistaken belief regarding the scheduling of a hearing is not an "exceptional circumstance" under 8 U.S.C. § 1229a(b)(5)(C)(i). *See Valencia-Fragoso v. I.N.S.*, 321 F.3d 1204, 1205–06 (9th Cir. 2003) (per curiam) (holding that a misunderstanding of the time for a hearing is not an "exceptional circumstance" within the meaning of 8 U.S.C. § 1229a).

**PETITION DENIED.**